IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TERESA L. SPURLING,           )
                              )
         Plaintiff,           )
                              )
v.                            )      Case No. CIV-10-485-KEW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
         Defendant.           )

**OPINION AND ORDER**

Plaintiff Teresa L. Spurling (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 24, 1962 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a hand packager, car hop, poultry processor, short order cook, and certified nurse's aide. Claimant alleges an inability to work beginning April 15, 2003 due to limitations resulting from asthma, learning difficulties, upper

and lower back problems, lumbar derangement, depression, hyperthyroidism, and gastroesophageal reflux disease ("GERD").

## Procedural History

On November 10, 2005, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 8, 2008, an administrative hearing was held before ALJ Lantz McClain in Sallisaw, Oklahoma. On November 26, 2008, the ALJ issued an unfavorable decision. On October 18, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper evaluation at step five; (2) failing to properly

4

consider medical source evidence; and (3) failing to perform a proper credibility analysis.

## Step Five Determination

In his decision, the ALJ found Claimant suffered from the severe impairments of ankle and foot injury with pain, back pain, obesity, asthma, depression, anxiety, and borderline intellectual functioning. (Tr. 9). He determined Claimant retained the RFC to lift and/or carry 10 pounds frequently and up to 10 pounds occasionally, stand and/or walk at least 2 hours in an 8 hour workday, sit at least 6 hours in an 8 hour workday. He also found Claimant should avoid concentrated exposure to dust or fumes, should be required to perform simple, repetitive tasks and have no more than incidental contact with the public. (Tr. 11). The ALJ determined, with the assistance of the testimony from a vocational expert, that Claimant could perform the jobs of optical goods assembler and semi-conductor assembler. (Tr. 18).

Claimant first contends the record supports the inclusion of a hand limitation in the hypothetical questioning of the vocational expert and in the RFC determination. The ALJ considered Claimant's allegations that she suffers from hand and thumb problems but concluded that the medical record suggests this condition would impose no more than a minimal limitation on Claimant's ability to

5

perform basic work activities and is considered non-severe. (Tr. 9).

The report upon which Claimant relies for stating she had a 40% reduction in grip strength was from April 8, 2006 and authored by Dr. Ravinder R. Kurella. Dr. Kurella found no limitations upon Claimant's hands in the typed report but included a hand-written notation on the Range of Motion Evaluation Chart that hand strength on the right was 3-4/5 and 5/5 on the left. Dr. Kurella also found Claimant could effectively oppose the thumb to the finger tips, can manipulate small objects, and can effectively grasp tools such as a hammer. (Tr. 500).

On March 27, 2003, Claimant was also examined by Dr. Mohammed Quadeer. Dr. Quadeer found no edema in the hands, grip strength of 5/5 bilaterally strong and firm, an ability to gross and fine manipulation with the hands, and adequate fingertip to thumb opposition. (Tr. 555).

Claimant draws the conclusion that because reduced grip strength was found by one examiner, the condition should have been included in the hypothetical questioning because the jobs identified by the expert required frequent use of the hands. (Tr. 47). Nothing in the record supports a finding of impairment of Claimant's hands. Moreover, the fact the hands might be used frequently in the identified jobs does not mean grip strength is required. The ALJ

is only required to include the limitations supported by the evidentiary record - Claimant's alleged hand impairment is not supported. Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

Claimant also contends the ALJ should have included a mental limitation in the hypothetical questions posed to the vocational expert and in the RFC.  On April 20, 2006, a Mental Residual Functional Capacity Assessment form was completed by Dr. Lynette Causey on Claimant.  She concluded Claimant was moderately limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to make simple work-related decisions, the ability to ask simple questions or request assistance, and the ability to respond appropriately to changes in the work setting. She found Claimant was markedly limited in the area of the ability to interact appropriately with the general public.  (Tr. 518-19).

In the narrative portion of her report, Dr. Causey states that despite Claimant's moderate limitations, "she maintains the ability to understand and remember short and simple instructions, locations, and work-like procedures.  She also found Claimant's moderate limitations in social functioning did not interfere with her ability to maintain socially appropriate behavior in a work setting or interfere with her ability to ask simple questions or request

assistance. Dr. Causey also found Claimant seemed to maintain her ability to perform in a work schedule, maintain attendance and make simple work-related decisions. She also found Claimant maintained her ability to perform simple duties that can be learned on the job in a short period of time and involves things rather than people. (Tr. 520).

The ALJ included a restriction for the marked limitation of interacting with the general public in both his hypothetical questioning and RFC. The record does not support further mental restrictions.

The same can also be said of Claimant's argument that the ALJ should have included a limitation upon Claimant's social functioning. The ALJ included the one limitation supported by the record - interacting with the general public. Dr. Causey does not support the inclusion of any additional limitations on social functioning.

### Medical Source Evidence

Claimant contends the ALJ failed to include any reference to the opinion of Dr. Janet Cheek, Claimant's treating physician. Dr. Cheek completed a form entitled Medical Examination Form dated February 7, 2007. Dr. Cheek states on the form that Claimant suffered from congenital defects in her feet bilaterally, left knee

8

pain, osteoarthritis, morbid obesity, and depression. (Tr. 565). She also circled "yes" to the question as to whether Claimant's condition prevented her from working and that she was unable to work at this time. Id.

While the ALJ did reference Dr. Cheek's treatment records, he does not make reference to the aforementioned form. The opinion is conclusory and generally involves a matter restricted to the Commissioner. Nevertheless, the ALJ is required to evaluate it and determine, in light of the entirety of the treatment notes, whether the opinion is due weight. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). The matter must be remanded to permit the ALJ an opportunity to evaluate Dr. Cheek's opinion.

Claimant also contends the ALJ should have considered the opinions of Dr. Donna Noland reflected in an evaluation report dated March 16, 2006. Dr. Noland diagnosed Claimant with Major Depression, severe, with psychotic features, rule out Borderline Intellectual Functioning. She also concluded Claimant would have difficulty functioning in most work settings. (Tr. 492). The ALJ recited Dr. Noland's opinions but did little to address them in his decision. (Tr. 13). He does not assign any weight to the opinion other than impliedly rejecting the assessment. On remand, the ALJ should evaluate the weight which should be afforded Dr. Noland's opinion and specifically refer to the evidence which contradicts her

findings, should the ALJ reject her conclusions.

Claimant also challenges the weight the ALJ gave to the opinion of Dr. Judy Marks-Snelling, a medical consultant. Dr. Marks-Snelling completed a Physical Residual Functional Capacity Assessment form on Claimant dated April 24, 2007. Dr. Marks-Snelling concluded Claimant could occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk at least 2 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. (Tr. 579). Because the ALJ must re-evaluate the weight provided to Claimant's treating physician and consultative examiner, the weight afforded the opinion of Dr. Marks-Snelling should also be re-assessed. While Defendant contends Dr. Marks-Snelling relied upon Dr. Quadeer's report, nothing in Dr. Marks-Snelling report indicates this fact.

### Credibility Determination

Claimant asserts the ALJ did not perform a proper credibility analysis. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact"

and, as such, will not be disturbed when supported by substantial evidence.  Id.  Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In his decision, the ALJ sufficiently linked the medical evidence to the findings on credibility.  In particular, the ALJ identified significant contradictions between the medical findings and Claimant's assertions of impairment.  "[A] formalistic factor-by-factor recitation of the evidence" is not required to support the necessary analysis.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ's discussion and the references to the objective record contained in it, considered in toto, is sufficient to support

11

the credibility findings of the ALJ.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE